Stand-Up MRI of the Bronx, P.C. v MVAIC Ins. Co. (2022 NY Slip Op
50789(U))

[*1]

Stand-Up MRI of the Bronx, P.C. v MVAIC Ins. Co.

2022 NY Slip Op 50789(U) [76 Misc 3d 128(A)]

Decided on August 11, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through August 19, 2022; it will
not be published in the printed Official Reports.

Decided on August 11, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2021-451 S C

Stand-Up MRI of the Bronx, P.C., as
Assignee of Norma Richardson, Respondent,
against
MVAIC Insurance Company, Appellant. 

Marshall & Marshall, PLLC (David A. Gierasch of counsel), for appellant.
Dash Law Firm, P.C. (James Errera of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen
Hackeling, J.), entered July 19, 2021. The order denied defendant's motion for summary
judgment dismissing the complaint and granted plaintiff's cross motion for summary
judgment.

ORDERED that the order is reversed, without costs, defendant's motion for summary
judgment dismissing the complaint is granted and plaintiff's cross motion for summary judgment
is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (MVAIC) (sued herein as MVAIC Insurance
Company) appeals from an order of the District Court denying defendant's motion for summary
judgment dismissing the complaint and granting plaintiff's cross motion for summary
judgment.
It is undisputed that plaintiff was required to submit its claim forms to MVAIC within 45
days after the services at issue had been rendered (see 11 NYCRR 65-1.1; Synergy First Med., PLLC v MVAIC,
44 Misc 3d 127[A], 2014 NY Slip Op 50964[U] [App Term, 2d Dept, 2d, 11th [*2]& 13th Jud Dists 2014]) and that plaintiff did not do so. In
support of its motion for summary judgment, MVAIC established that it had timely denied
plaintiff's claims, based upon plaintiff's untimely submissions, and that it had informed plaintiff
that MVAIC could excuse the delay if plaintiff provided "reasonable justification" for the delay
(see 11 NYCRR 65-3.3 [e]; see also Matter of Medical Socy. of State of NY v
Serio, 100 NY2d 854, 862-863 [2003]; Mount Sinai Hosp. of Queens v Country Wide Ins. Co., 43 Misc 3d
139[A], 2014 NY Slip Op 50780[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
In opposition to MVAIC's motion, plaintiff demonstrated that it had initially sent the claims at
issue to an insurance company, but after plaintiff learned that the insurance company would not
cover the claims, plaintiff sent the claims to MVAIC. However, plaintiff did not establish that it
had provided MVAIC with a reasonable justification as to why it had initially submitted the
claims to the insurance company. As a result, plaintiff did not establish that it had provided
MVAIC with a reasonable justification for its untimely submission to MVAIC of the claim forms
(see Norman Y. Schoenberg, M.D., P.C.
v N.Y.C. Tr. Auth., 39 Misc 3d 128[A], 2013 NY Slip Op 50421[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2013]; Prestige Med. & Surgical Supply, Inc. v Chubb Indem. Ins. Co., 26
Misc 3d 145[A], 2010 NY Slip Op 50449[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2010]).
Accordingly, the order is reversed, defendant's motion for summary judgment dismissing the
complaint is granted and plaintiff's cross motion for summary judgment is denied.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 11, 2022