Good Samaritan Hosp. v MVAIC Ins. Co. (2022 NY Slip Op
51100(U))

[*1]

Good Samaritan Hosp. v MVAIC Ins. Co.

2022 NY Slip Op 51100(U) [77 Misc 3d 126(A)]

Decided on October 14, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through November 16,
2022; it will not be published in the printed Official Reports.

Decided on October 14, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-246 S C

Good Samaritan Hospital, as
Assignee of Randy Green, Respondent, 
against
MVAIC Insurance Company, Appellant.

Marshall & Marshall, PLLC (Frank D'Esposito and David Gierasch of counsel), for
appellant.
Dash Law Firm, P.C. (James Errera of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C.
Stephen Hackeling, J.), dated April 6, 2021. The order denied defendant's motion for
summary judgment dismissing the complaint and granted plaintiff's cross motion for
summary judgment.

ORDERED that the order is reversed, without costs, defendant's motion for summary
judgment dismissing the complaint is granted and plaintiff's cross motion for summary
judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits,
defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC
Insurance Company) appeals from an order of the District Court dated July 1, 2021
denying defendant's motion for summary judgment dismissing the complaint and
granting plaintiff's cross motion for summary judgment.
Defendant established its prima facie entitlement to summary judgment by
submitting evidence demonstrating that it timely denied plaintiff's claim submitted in
January 2018 for no-fault benefits, on the ground of untimeliness, as the claim was
submitted more than 45 days after the date services were rendered (see 11
NYCRR 65-1.1) and that its denial informed plaintiff that it could excuse the delay if
plaintiff provided "reasonable justification" for the late [*2]submission (see 11 NYCRR 65-3.3 [e]; Stand-Up MRI of the Bronx, P.C. v
MVAIC Ins. Co., 76 Misc 3d 128[A], 2022 NY Slip Op 50789[U] [App Term,
2d Dept, 9th & 10th Jud Dists 2022]; Mount Sinai Hosp. of Queens v Country Wide Ins. Co., 43
Misc 3d 139[A], 2014 NY Slip Op 50780[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2014]; see also
Schottenstein Pain & Neuro, PLLC v MVAIC, 72 Misc 3d 131[A], 2021
NY Slip Op 50643[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). 
In opposition, plaintiff failed to raise a triable issue of fact as to whether it provided
defendant with a reasonable justification for its untimely submission of the claim, as
plaintiff failed to explain why, after learning that there was no insurance covering the
accident, it first submitted the claim to the assignor's personal health insurer instead of
MVAIC, and why it took months before it first purportedly sent the claim to MVAIC
(see Stand-Up MRI of the Bronx, P.C., 2022 NY Slip Op 50789[U]; Excel Surgery Ctr., LLC v
MVAIC, 68 Misc 3d 134[A], 2020 NY Slip Op 51016[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2020]; Mount Sinai Hosp. of Queens, 2014 NY Slip
Op 50780[U]; see also Schottenstein Pain & Neuro, PLLC, 2021 NY Slip
Op 50643[U]).
Plaintiff also failed to raise a triable issue of fact as to whether it actually first
submitted the claim to MVAIC on October 17, 2017, the basis for plaintiff's argument
that defendant's February 5, 2018 denial was untimely. To establish this mailing, plaintiff
neither presented an affidavit by one with personal knowledge of the mailing nor
provided sufficient practices and procedures of mailing, but rather relied on a certificate
of mailing, which, under the circumstances presented, was insufficient to fill in the gaps
in plaintiff's proof of mailing.
Accordingly, the order is reversed, defendant's motion for summary judgment
dismissing the complaint is granted and plaintiff's cross motion for summary judgment is
denied.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 14, 2022